FILED
United States Court of Appeals
Tenth Circuit

June 9, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLARENCE E. GRISSOM, JR.,

      Plaintiff-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; DANIEL A.
JACKSON, CSI, El Dorado
Correctional Facility; (FNU) BOKOR,
A.R.N.P., Correct Care Solutions, El
Dorado Correctional Facility;
GEORGE MCNICKLE, M.D., El
Dorado Correctional Facility; DON
THOMPKINS, El Dorado Correctional
Facility; R. SHERMAN, CSII, El
Dorado Correctional Facility; C.
CASTLMAN, COII, El Dorado
Correctional Facility,

      Defendants-Appellees.

No. 10-3245
(D.C. No. 5:09-CV-03128-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Clarence E. Grissom, Jr., a Kansas state prisoner proceeding pro se, appeals from the dismissal of his civil rights action. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

Mr. Grissom filed an action under 42 U.S.C. § 1983. The district court screened his form complaint and numerous other filings under 28 U.S.C. § 1915A and entered a screening order. In that order, the district court identified three claims in his form complaint: (1) use of excessive force on August 27, 2008, at the El Dorado Correctional Facility; (2) denial of medical care for injuries sustained during that incident; and (3) creation of a false disciplinary report to cover up the incident.

These claims were based on the following allegations. Defendants Daniel A. Jackson and C. Castlman, both correctional officers, told Mr. Grissom to come to his cell door to be restrained while they removed his wheelchair. Mr. Grissom resisted the order, responded obscenely, and threw water at Officer Jackson. Officer Jackson, who knew that Mr. Grissom suffers from chronic obstructive pulmonary disease, used pepper spray on him. Officer Jackson then called a "Condition 30," which resulted in the arrival of a team of correctional officers. Unidentified members of that team hit Mr. Grissom with an electric shield while he was in his wheelchair, then forcibly removed him from his cell and carried him

to the shower, where they held him under hot water.  He sustained a broken nose

and facial bruises.

Thereafter, Mr. Grissom was laid down, his underwear was cut off, and he

was rolled onto his side so that defendant Bokor, an advanced registered nurse

practitioner (A.R.N.P.), could administer an albuterol inhaler.  A.R.N.P. Bokor

looked at his face but provided no treatment.  The next day, both of his eyes were

black and blue, and his right eye was swollen shut.  He requested medical

treatment but was denied.  Later, Officer Jackson, Officer Castlman, and A.R.N.P.

Bokor created an allegedly false disciplinary report to justify their actions,

charging Mr. Grissom with battery and disobeying orders.  Mr. Grissom was

found guilty and given sixty days of disciplinary segregation, forty dollars in

fines, and ninety days "'L.G.T.'"  R. at 167.[1]  Based on these allegations,

Mr. Grissom requested damages and the termination of defendants' employment.

In its screening analysis, the district court first concluded that it lacked

power to order that any defendants be fired.  The court also determined that

Mr. Grissom's request that he be permitted to use his wheelchair while in

segregation, which was set forth in an attachment to his form complaint, was

improperly joined, identified no named defendant, and stated no supporting facts.

The court further concluded that for the same reasons, still other claims, scattered

throughout the attachments to his complaint and other filings, were improperly

---

[1]     Apparently, "L.G.T." means "loss of good time."

raised. The court informed Mr. Grissom that it would not consider any claims referred to only in his attachments, and that instead, he must file an amended complaint in order to add claims or defendants; motions, exhibits, or other papers were not proper for that purpose. The court also provided him an overview of joinder under the Federal Rules of Civil Procedure.

The district court then dismissed two defendants, Correct Care Solutions and the El Dorado Minimum Clinic, because neither was a "person" for § 1983 purposes, a necessary element of a § 1983 claim. *Id.* at 176 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989)). Further, the court pointed out that Mr. Grissom failed to adequately identify the personal participation of defendants Roberts, McNickle, Thompkins, or Sherman. *See* R. at 176 (citing, *inter alia*, *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006)). Thus, the court gave Mr. Grissom an opportunity to file a supplemental complaint alleging the necessary participation.

The district court also instructed Mr. Grissom that a supplemental complaint was necessary to correct other shortcomings in his pleadings. As to his excessive force claim, the court reasoned that Mr. Grissom's own statements and exhibits showed that "he was combative, disruptive, and very disrespectful"; he refused to obey orders"; he "had a history of battering or attempting to batter correctional officers"; and he "refused to be restrained and had thrown a cup of water on Jackson." R. at 179-80. "Under such circumstances," the court

concluded, "the use of some physical force such as pepper spray can hardly be considered repugnant to the conscience of mankind." *Id.* at 180.[1] Moreover, the court noted that Mr. Grissom had not alleged severe pain or lasting injury as a result of the pepper spray, as required under *Sampley v. Ruettgers*, 704 F.2d 491, 495 (10th Cir. 1983). Therefore, the court concluded, Mr. Grissom had not advanced sufficient factual allegations to show an Eighth Amendment violation based on Officer Jackson's use of pepper spray or his call for a Condition 30.

Turning to the physical injuries Mr. Grissom alleged were caused by the forced removal from his cell, the district court observed that he had not described acts by any specific defendant that caused those injuries. Rather, he alleged he was beaten by a team of correctional officers. Therefore, the court permitted him to file a supplemental complaint to provide additional factual allegations of personal participation by named defendants.

The district court next concluded that Mr. Grissom's allegations did not support his claim that he was denied medical treatment in violation of the Eighth Amendment. Mr. Grissom's filings indicated that A.R.N.P. Bokor immediately gave him an albuterol inhaler and examined his broken nose and facial injuries. Mr. Grissom did "not describe any additional treatment as having been prescribed or obviously necessary for his broken nose or facial abrasions" or "any

---

[1]     The district court apparently drew this standard from a line of Supreme Court cases discussed in *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

'substantial harm' suffered as a result of any delay in treating his broken nose or facial injuries." *Id.* at 184 (applying standards set out in *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), and *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Nor had he identified the officer who denied his request for medical treatment the next day as one of the named defendants. Again, the district court instructed Mr. Grissom that he could file a supplemental complaint to remedy these deficiencies.

The district court further concluded that Mr. Grissom's claim that Officers Jackson and Castlman and A.R.N.P. Bokor filed a false disciplinary report could be raised only in a writ of habeas corpus because it "involve[d] good time and the possibility of entitlement to a speedier release." R. at 185 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). The court also reasoned that Mr. Grissom could not recover damages on this claim unless he could show that his conviction of the charged offenses was "'invalidated.'" R. at 186 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and citing *Edwards v. Balisok*, 520 U.S. 641 (1997), for its extension of *Heck* to loss of good time credit in prison setting)).[2]

Based on its analysis, the district court gave Mr. Grissom thirty days in which to file a supplemental complaint. Mr. Grissom filed a timely supplement,

---

[2] Mr. Grissom also filed two motions requesting an injunction or a temporary restraining order with regard to the conditions of his later confinement at a different correctional facility. The court denied the motions on the ground that neither one provided a sufficient factual or legal basis for such relief. Mr. Grissom has not challenged these denials on appeal.

and he also filed numerous other papers outside the allotted time. The district court reviewed all of these filings and concluded that Mr. Grissom had not remedied the deficiencies in his complaint and had ignored most of the directions in the court's screening order. The court found no mention of defendants McNickle, Thompkins, or Sherman in any of the additional filings, and no allegation that defendant Roberts had personally participated in any of the events underlying the three claims set out in the initial form complaint. Thus, the court dismissed the claims as to these defendants. Similarly, the court could find no specification of "which named defendant, if any, took acts that actually caused the injuries to his nose and face during [the] forced [cell] move." R. at 490-91. Nor did the court find any additional allegations showing "either that [Officer] Jackson used more force than was reasonably necessary under the[] circumstances or that [he] applied the pepper spray and called a Condition 30 other than in a 'good faith effort' to restore institutional order." *Id.* at 491.[3] Accordingly, the district court dismissed the excessive force claim without prejudice for failure to state a claim on which relief may be granted.

The district court next concluded that Mr. Grissom failed to remedy the deficiencies in his claim that he was denied medical treatment. Although he appeared to claim that Officer Jackson had denied his request to see A.R.N.P.

---

[3] The district court apparently was relying on *Sampley*, 704 F.2d at 495, which it had cited in its screening order, *see* R. at 178.

Bokor, he also stated that he had another inmate contact A.R.N.P. Bokor, who said there was nothing she could do "'to fix [his] broken nose because it ha[d] been broken twice before and it wouldn't do any good to fix it.'" *Id.* at 493 (quoting Supplement to Complaint, *id.* at 192). The court determined that this concession, read in light of Mr. Grissom's continued failure "to allege that any particular treatment was prescribed or medically necessary for his broken nose beyond the immediate examination that was provided," *id.* at 493, indicated nothing more than a difference of opinion on a matter of medical judgment, which is not actionable under the Eighth Amendment, *see Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976). Consequently, Officer Jackson's alleged denial of Mr. Grissom's request for treatment also failed to state a claim under the Eighth Amendment. Therefore, the district court dismissed the claim of denial of medical treatment.

The court next considered a multitude of claims described in the numerous filings Mr. Grissom submitted in response to the screening order, concluding that none of them were included in the original complaint, none had been added by a proper amendment, and none were properly joined because Mr. Grissom did not show they were related to the incident underlying the claims in his original complaint. Accordingly, the court dismissed all those claims without prejudice. This appeal followed.

## II.    DISCUSSION

We review de novo the district court's dismissal for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).  "We review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Id.* (quotation omitted).

In his appellate brief, Mr. Grissom provides a selective restatement of his factual allegations, but the full extent of his legal argument is that he thought what he did "was fair," and he disagrees with "the way [he] was judged for not understanding the procedure." Aplt. Br. at 4.  These limited "arguments" are insufficient to merit appellate review, even taking into account that Mr. Grissom is not represented by an attorney. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (concluding that pro se appellant forfeited right to appellate review of dismissal of complaint because he did not present any reasoned arguments supported by record citations or legal authority). Nonetheless, we have exercised our discretion to review the record and the applicable law, *see id.* at 841, and we see no error in the district court's handling of this case.  The court is commended for its considerable patience in providing Mr. Grissom a detailed explanation, in plain English, of the deficiencies in his complaint, and in providing him an opportunity to cure those deficiencies.

Accordingly, we AFFIRM the judgment of the district court for substantially the same reasons set out in its screening order and its dismissal

order. Mr. Grissom's motion to proceed on appeal without prepayment of fees is granted, and we remind him that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court


Wade Brorby
Senior Circuit Judge